IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLUDELE OLADOJA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2709-K-BN |
| | § | |
| ZIA REHMAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER REQUIRING MOTION ON QUALIFIED IMMUNITY

Plaintiff Oludele Oladoja, at the time an inmate at the Dallas County jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging deliberate indifference as to the medical care that he has received. *See* Dkt. No. 3. United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After screening, the Court ordered the complaint to be served. *See* Dkt. No. 5. And Defendant Zia Rehman has answered the complaint. *See* Dkt. No. 11. Rehman asserts, as an affirmative defense, qualified immunity. *See id.* ¶ 9.

As soon as a government official acting under color of law while performing discretionary duties invokes an entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).

And a court must consider each official's actions separately, *see Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007), on an expedited basis, *see Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021), "because qualified immunity is 'not

simply immunity from monetary liability' but also 'immunity from having to stand trial,'" *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (quoting *Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018)).

And, because Rehman has not moved for dismissal based on qualified immunity, the Court will decide Rehman's entitlement to qualified immunity through a motion for summary judgment that must be filed by **February 5, 2025**.

The motion must be accompanied by or incorporate a brief, and the motion and brief shall not together exceed 30 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6. The defendant must bracket in the margin of each document in the appendix the portions of the document upon which he relies, and, when citing record materials in the brief, the defendant must support each assertion by citing each relevant page of the appendix. No party may file more than one motion for summary judgment without leave of court. *See* N.D. TEX. L. CIV. R 56.2(b).

Except to the extent any requirement is modified herein, any motion for summary judgment must comply with the requirements of Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

All discovery is stayed at this time, prior to the filing of the court-ordered

motion(s), as the established procedure under which courts must address qualified immunity, once asserted, "prevents a defendant entitled to immunity from being compelled to bear the costs of discovery and other pre-trial burdens." *Ramirez*, 3 F.4th at 134 (citations omitted); *see also Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) ("[O]ne of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'" (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); citation omitted)).

But, after Rehman moves for summary judgment on qualified immunity, the Court will issue an order setting forth further procedures and deadlines, including for Oladoja to move for authorization to conduct limited discovery that is narrowly tailored to uncover only facts that the Court needs to rule on Rehman's entitlement to qualified immunity. *See, e.g.*, *Backe*, 691 F.3d at 648-49; *see also Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014).

SO ORDERED.

DATED: January 6, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE